UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICIA MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:04-CV-1285-G |
| UICI, ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Patricia Montgomery ("Patricia Montgomery") to remand this case to the state district court from which it was previously removed (docket entry 11).  For the reasons set forth below, the motion is denied.

### I. BACKGROUND

Montgomery, a resident citizen of California, initially filed this case in the Superior Court of the State of California for the County of Los Angeles (Cause Number BC308471).  On March 4, 2004, the defendants Mid-West National Life Insurance Company of Tennessee ("Mid-West") and UICI removed the case to the Central District of California, Western Division, Los Angeles (Cause Number

2:04-CV-01384-FMC-CT) pursuant to 28 U.S.C. §§ 1332 and 1441.  *See generally* Mid-West National Life Insurance Company of Tennessee and UICI's Notice of Removal.  UICI and Mid-West contended that the defendant John Nelson ("Nelson"), a citizen of California, was fraudulently joined to defeat federal court jurisdiction.  *Id*. at 2-3.  The defendants asserted that the remaining defendants were citizens of Texas, Washington, D.C., Tennessee, Florida, and Delaware.  *Id*. at 5. UICI and Mid-West asserted that without Nelson, diversity jurisdiction existed.  *Id*. at 3. Montgomery subsequently filed a motion to remand in which she asserted "[t]he question for the Court is simply whether there is any possibility that Plaintiff will be able to establish liability against the California defendant, John Nelson."  Plaintiff's Motion to Remand at 3.  On May, 28, 2004, the case was transferred to this court by the Judicial Panel on Multidistrict Litigation for coordination or consolidation with *In re UICI "Association-Group" Insurance Litigation*, MDL 1578.  On October 10, 2007, the plaintiff's claims against the defendant John Nelson were administratively closed due to his personal bankruptcy.

## II.  ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction."  Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court."

*Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship, and the case involves an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). Here, because Montgomery is barred by the Bankruptcy Act from prosecuting her claims against Nelson, there is complete diversity of citizenship between Montgomery and the defendants (other than Nelson), and the case involves an amount in controversy of more than $75,000. Accordingly, the motion to remand is denied.

### III. CONCLUSION

For the reasons stated above, Montgomery's motion to remand this case is **DENIED**.

**SO ORDERED**.

April 9, 2009.

                                                                  *[signature: C. Joe Fish]*
                                                                  **A. JOE FISH**
                                                                  **Senior United States District Judge**